Joseph Kanee, Esq.
THE KANEE LAW FIRM, PLLC
1508 SW 23 Street
Fort Lauderdale, FL 33135
Phone: (786) 933-2775
Email: Joseph@kaneelaw.com
*Attorney for Plaintiff*
*Kathleen Davis*

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA

### TAMPA DIVISION

| | |
|---|---|
| KATHLEEN DAVIS,<br><br>   Plaintiff,<br><br>  v.<br><br>ALLY FINANCIAL, and RAPID RECOVERY AGENCY, INC.,<br><br>   Defendants. | Case No.:<br><br>Plaintiff's Complaint For<br><br>1. Violations Of 15 U.S.C. §1692f(6)<br><br>2. Wrongful Repossession<br><br>3. Conversion<br><br><br>**(Jury Trial Requested)** |

Plaintiff KATHLEEN DAVIS ("Plaintiff") complains and alleges as against Defendant ALLY FINANCIAL and Defendant RAPID RECOVERY AGENCY, INC. (collectively "Defendants") as follows.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. The Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

Complaint

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3. Plaintiff brings this action after the Defendants illegally and egregiously breached the peace by continuing to repossess her occupied vehicle over repeated objections. Plaintiff also brings a claim against Defendant RAPID RECOVERY AGENCY, INC. for illegally repossessing her vehicle in violation of the Fair Debt Collection Practices Act, codified at 15 U.S.C. § 1692 *et seq.*

4. Plaintiff is seeking statutory damages, actual damages and punitive damages, as well as attorneys' fees and costs.

## PARTIES

5. Plaintiff KATHLEEN DAVIS, is a natural person and a resident of Bradenton, Florida and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

6. Defendant ALLY FINANCIAL (hereinafter referred to as "Ally Financial"), is a leading digital financial services company, with principal place of business at 500 Woodward Ave., Detroit, MI 48226 that conducts a substantial amount of business in Florida.

7. For purposes of Plaintiff's claim under 15 U.S.C. § 1692f(6), Ally Financial is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

8. Defendant RAPID RECOVERY AGENCY, INC. ("Rapid Recovery"), is a

repossession company, with its principal place of business in Hollywood, Florida.

9. Upon information and belief, Defendant Rapid Recovery is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the enforcement of security interests, namely the repossession of vehicles by lenders.

10. For purposes of Plaintiff's claim under 15 U.S.C. § 1692f(6), Defendant Rapid Recovery is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## **ALLEGATIONS OF FACT**

13. Plaintiff owns a 2020 Toyota Highlander LE (the "Vehicle"), which was financed through a Retail Installment Sales Contract ("RISC") with Defendant Ally Financial.

14. Plaintiff used the Vehicle for personal, family and household use.

15. Sometime prior to April 23, 2025, the Plaintiff fell behind on her payments to the Ally Financial.

16. Plaintiff subsequently made payment arrangements with Ally Financial and, approximately two weeks prior to the unlawful repossession described herein, tendered payment of One Thousand Dollars ($1,000.00) toward her account.

17. The money owed under the Ally Financial loan is a 'debt' as defined by 15 U.S.C. § 1692a(5).

18. Despite Plaintiff's payment of One Thousand Dollars ($1,000) toward her account, Ally Financial nevertheless contracted with Defendant Rapid Recovery – either directly or through a middleman company, known as a 'forwarder' in the repossession industry - to repossess the Plaintiff's vehicle.

19. On or about April 23, 2025, the Vehicle was lawfully parked in front of the Plaintiff's residence.

20. At approximately 3:20 a.m., on or about April 23, 2025, Plaintiff was alerted to a tow truck – later identified as that of Defendant Rapid Recovery – circling near the Vehicle.

21. Plaintiff immediately entered the Vehicle, started the engine, and began reversing in order to prevent the Vehicle from being repossessed at that time.

22. While Plaintiff was inside the Vehicle with the engine running, the tow truck operator ("Defendants' repossession agent) reversed and lifted the Vehicle.

23. It is inherently dangerous and reckless to attempt to repossess, hook, lift or tow an occupied vehicle, particularly when the occupants are not expecting such a sudden movement of their vehicle, as such actions can cause damage to the vehicle and injury to the occupants.

- 4 -

COMPLAINT

24. Defendants' repossession agent knew that he could not safely and legally lift and repossess an occupied vehicle and that doing so could cause injury or damage, but did so anyway.

25. After some time, Defendants' repossession agent informed Plaintiff that he was there to repossess the Vehicle.

26. Plaintiff immediately objected to the repossession, informed the Defendants' repossession agent that she had just made a payment, and produced documentation evidencing the payment.

27. At this time, Plaintiff's partner ("Ms. Britto") informed Defendants' repossession agent that it was unlawful to tow or repossess a vehicle while it was occupied by an individual.

28. Ms. Britto then sat inside the Vehicle, asserting that the repossession could not lawfully proceed.

29. Defendants' repossession agent then threatened Plaintiff and Ms. Britto, stating that he would summon the Sheriff, have them forcibly removed from the Vehicle, and that they would be jailed for trespass.

30. Under the repo agent's threat of arrest and the involvement of law enforcement, Plaintiff and Ms. Britto exited the Vehicle.

31. Defendants' repossession agent disregarded the Plaintiff's objections and proceeded to complete the repossession.

COMPLAINT

32. The law in Florida has long been clear that a debtor has the absolute right to object to a repossession, and that a repossession must cease upon the verbal objection of the debtor to the repossession. *See e.g., Marine Midland Bank-Cent. v. Cote,* 351 So. 2d 750, 752 (Fla. Dist. Ct. App. 1977)("the debtor's physical objection bars repossession even from a public street"); *In re 53 Foot Trawler Pegasus,* No. 608-CV-117-ORL-18DAB, 2008 WL 4938345, at *5 (M.D. Fla. Nov. 18, 2008) ("The statute makes it clear that a creditor runs the risk of serious liability if he proceeds with a self-help repossession when there is a serious objection by the debtor"); *Nixon v. Halpin,* 620 So. 2d 796, 798 (Fla. Dist. Ct. App. 1993) ("The owner of the vehicle had a right to object to DCI's attempted repossession of the collateral. If DCI had not already peaceably removed the vehicle when the owner objected, its continuation with the attempt at repossession was no longer peaceable and without a breach of the peace").

33. Despite being plainly aware that they could no longer repossess the Plaintiff's vehicle after Plaintiff had verbally and physically objected to it, the Defendants' repossession agent did not care, and willfully and intentionally violated the law in persisting with the repossession.

34. As a result of the Defendants' illegal repossession, the Plaintiff was deprived of the use of her vehicle for a period of time.

35. Plaintiff suffered anger, frustration, emotional distress, lost sleep, and lost time

as a result of the Defendants' actions, and was subjected to abusive collection

tactics she had a substantive right to be free from.

36. Plaintiff's distress manifested in physical symptoms, including difficulty

sleeping, anxiety, and emotional upset, directly attributable to Defendants'

conduct.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*
### (Against Rapid Recovery)

37. Plaintiff realleges paragraphs 1-36 as though more fully set forth herein.

38. Plaintiff brings this Count against Defendant Rapid Recovery.

39. Section 1692f of the FDCPA prohibits debt collectors from using any unfair

or unconscionable means to collect or attempt to collect any debt.

40. Section 1692f(6) of the FDCPA prohibits debt collectors from taking or

threatening to take any nonjudicial action to effect dispossession or

disablement of property if:

(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; or

(C) the property is exempt by law from such dispossession or disablement.

41. Under Florida Statute § 679.601 and 679.609, a secured party may take

possession of collateral, without judicial process, **only** if it can be

accomplished without a breach of the peace.

COMPLAINT

42. On April 23, 2025, the Defendants breached the peace (a) by continuing with the repossession of the Plaintiff's Vehicle in the face of Plaintiff and Ms. Britto's repeated and unambiguous objections and instructions for the Defendants to stop the repossession, (b) by recklessly hooking and lifting the Vehicle when that vehicle was occupied and (c) by threatening the Plaintiff and Ms. Britto with the involvement of law enforcement, arrest and jail, in order to complete the repossession.

43. As a result, the Defendants did not have the present right to possession of the Plaintiff's vehicle once they breached the peace and were prohibited from repossessing it at that time.

44. Defendant Rapid Recovery accordingly violated 15 USC § 1692f(6) when they attempted to repossess the Plaintiff's vehicle on April 23, 2025.

45. By illegally repossessing the Plaintiff's vehicle in violation of the FDCPA, Defendants harmed the Plaintiff, by subjecting the Plaintiff to improper and deceptive collection activity, in violation of the Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, and by subjecting the Plaintiff to unfair, or unconscionable means to collect a debt, by depriving the Plaintiff of use of the Vehicle and by depriving the Plaintiff of the loss of the right to pre repossession judicial process.

46. Defendants' illegal activity harmed Plaintiff by causing her to suffer anger, fear, anxiety, emotional distress, lost sleep, frustration and embarrassment.

- 8 -

COMPLAINT

Such damages were reasonably foreseeable and flowed directly from Defendants' unlawful repossession tactics.

47. By reason thereof, Defendants are liable to the Plaintiff for judgment that Defendants' conduct violated 15 USC §1692f, statutory damages, actual damages, costs and attorneys' fees.

## COUNT II

### UNLAWFUL REPOSSESSION
### Florida Statute § 679.601, 679.609 and 679.625 *et seq.*
### (Against All Defendants)

48. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs 1-36 above, with the same force and effect as if the same were set forth at length herein.

49. Plaintiff brings this Count against all Defendants.

50. Florida law does not permit non judicial or "self help" repossession of consumer motor vehicles unless the repossession can be accomplished without a breach of the peace. Florida Statute § 679.601, 679.609.

51. On April 23, 2025, the Defendants breached the peace (a) by continuing with the repossession of the Plaintiff's Vehicle in the face of Plaintiff and Ms. Britto's repeated and unambiguous objections and instructions for the Defendants to stop the repossession, (b) by recklessly hooking and lifting the Vehicle when that vehicle was occupied and (c) by threatening the Plaintiff

and Ms. Britto with the involvement of law enforcement, arrest and jail, in order to complete the repossession..

52. As a result, the Defendants violated Florida Statute § 679.601 and 679.609 when they repossessed the Plaintiff's vehicle on April 23, 2025.

53. By illegally repossessing the Plaintiff's vehicle on April 23, 2025, in violation of Florida Statute § 679.601 and 679.609, Defendants harmed the Plaintiff, in subjecting the Plaintiff to improper and deceptive collection activity, in violation of the Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, in depriving Plaintiff of the use of the Vehicle, and by subjecting Plaintiff to unfair and unconscionable means to collect a debt.

54. Defendants' illegal activity also harmed Plaintiff by causing her to suffer anger, fear, anxiety, emotional distress, lost sleep, frustration and embarrassment.

55. By reason thereof, Defendants are also liable to the Plaintiff for judgment that Defendants' conduct violated Florida Statute § 679.601 and 679.609, including statutory damages, punitive damages, actual damages, costs and attorneys' fees.

COMPLAINT

# COUNT III

## CONVERSION
### (Against All Defendants)

56. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs 1-36 above, with the same force and effect as if the same were set forth at length herein.

57. As set forth above, each of the Defendants wrongfully repossessed the Plaintiff's vehicle and the Plaintiff's possessions at a time that the Plaintiff – and not the Defendants – was entitled to possession of that vehicle and the possessions contained therein.

58. The Defendants then held Plaintiff's vehicle and the possessions that were contained therein for a period of time, thereby exercising control over the Plaintiff's property.

59. Defendants' conversion of Plaintiff's vehicle and the Plaintiff's possessions harmed Plaintiff, by depriving her of the use of the Vehicle for an extensive period of time.

60. Defendants further harmed the Plaintiff, in subjecting the Plaintiff to improper and deceptive collection activity, in violation of the Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, and by subjecting Plaintiff to unfair and unconscionable means to collect a debt.

COMPLAINT

61. Defendants' illegal activity also harmed Plaintiff by causing her to suffer anger, fear, anxiety, emotional distress, lost sleep, frustration and embarrassment.

62. Plaintiff demanded the return of the Vehicle at the time of the repossession but the Defendants' repossession agent refused.

63. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants wrongfully converted the Plaintiff's vehicle and the possessions contained therein, actual damages, punitive damages, costs and attorneys' fees.

## **DEMAND FOR TRIAL BY JURY**

64. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

    (a)    awarding the Plaintiff actual damages incurred;

    (b)    awarding the Plaintiff statutory damages, along with the attorneys' fees and expenses incurred in bringing this action;

    (c)    awarding the Plaintiff punitive damages;

    (d)    Awarding pre-judgment interest and post-judgment interest; and

    (e)    Awarding Plaintiff such other and further relief as this Court

- 12 -
COMPLAINT

1    may deem just and proper.

2

3    Dated: September 18, 2025                    By: /s/ Joseph Kanee, Esq.
                                                  Joseph Kanee, Esq.
4                                                 THE KANEE LAW FIRM, PLLC
                                                  1508 SW 23 Street
5                                                 Fort Lauderdale, FL 33135
6                                                 786-933-2775
                                                  joseph@kaneelaw.com
7                                                 Attorneys for Plaintiff,
8                                                 Kathleen Davis

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 13 -

COMPLAINT